NO. 07-09-0154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 10, 2010

_____


STEPHANIE TORRES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A16453-0511; HONORABLE ROBERT W. KINKAID, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to an agreement, in 2006, Appellant, Stephanie Torres, pleaded guilty to forgery of a financial instrument. The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for four years. In 2009, the State filed an amended motion to proceed with an adjudication of guilt alleging multiple violations of the terms and conditions of community supervision. After a hearing on the

State's motion, the trial court found the allegations to be true, adjudicated Appellant guilty of the charged offense, and assessed her punishment at fourteen months confinement and a $500 fine. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a pro se response if she desired to do so, and (3) informing her of her right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[2] By letter, this Court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief, should she be so

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a pro se petition for discretionary review. *In re Schulman*, at 408 n.22 & at 411 n.35.

inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

**Background**

In 2006, Appellant worked at a Texaco gas station and became involved in accepting and cashing checks for several of her friends who were not the owners of the checks. In addition to exchanging the checks for cash, she sometimes accepted checks for gas or other items.

In its amended motion to proceed, the State alleged the following violations of the terms and conditions of community supervision:

- Appellant failed to report to her community supervision officer from February 2008 through March 2009;
- Appellant failed to keep her community supervision officer advised of her correct address and place of employment and notify the officer within forty-eight hours of any change;
- Appellant failed to pay her fines and court costs as scheduled;
- Appellant failed to pay her community supervision fee of $40 per month; and
- Appellant failed to complete 400 hours of community service

By the *Anders* brief, counsel raises the legal and factual sufficiency of the evidence as arguable grounds. Counsel concludes that the evidence does not support reversal of Appellant's conviction.

## Decision to Adjudicate--Standard of Review

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

In addition to signing a stipulation of evidence, which was admitted into evidence without objection, Appellant entered a plea of true to all the allegations contained in the State's motion. The State also presented evidence that Appellant had violated the terms and conditions of her deferred adjudication community supervision. Appellant

testified to violating the terms and conditions of community supervision and admitted to being lazy and irresponsible regarding some of the violations. Consequently, the trial court did not abuse its discretion in adjudicating Appellant guilty of forgery of a financial instrument.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.